[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action, commenced by complaint dated August 11, 1995, is an application for visitation filed pursuant to Connecticut General Statutes § 46b-59 by the plaintiff Sandra McGraw. She seeks visitation with a minor child, Alexander William Savluk, who was born on October 13, 1994 to the defendants, the plaintiff's daughter Dale R. Savluck and her husband Neal W. Savluck. In her complaint the plaintiff alleges that her grandson resides with the defendants, and that she has been deprived of visitation with him since his birth. On November 6, 1995 the plaintiff, through counsel, filed a Motion for Visitation, pendente lite. Subsequently, on November 15, 1995 the defendants, through counsel, filed a pleading captioned, "Motion of Stay of Proceedings" as well as an objection to the plaintiff's Motion for Visitation, pendente lite. This Memorandum relates to both motions filed by the defendants.
In their objection to the plaintiff's Motion for Visitation, pendente lite the defendants raise several issues. They claim,inter alia, that the court should not grant, on a pendente lite basis, relief which is at the core of the plaintiff's complaint. In support of this view the defendants cite a number of cases which they claim to support the notion that the court should not, on an interim basis, make determinations of substance or great weight. None of the cases cited by the defendants deal with the court'sparens patriae responsibility to minor children. Nor do they take cognizance of the special opportunity given to the court by the General Assembly to exercise its parens patriae responsibility to make orders in the best interest of a child while a case is CT Page 352 pending. C.G.S. § 46b-56 states, in part, that, "In any controversy before the superior court as to the custody or care of minor children, and at any time after the return day of any complaint under § 46b-45, the court may at any time make or modify any proper order regarding the education and support of the children and of care, custody and visitation if it has jurisdiction under the provisions of chapter 815o." By the terms of this Statute the court's authority to grant visitation pendente lite is not limited to marital dissolution actions. In the same paragraph the statutes states, ". . .The court may also make any order granting the right of visitation of any child to a third party including but not limited to grandparents." The court has the authority to grant visitation pendente lite to the plaintiff.
Between having the authority and exercising it to grant visitation lie significant considerations. The court is mindful of the liberty interest that the parents of a child have to raise the child in accordance with their best rights without interference from the State. "[F]reedom of personal choice in matters of . . . family life is one of the liberties protected by the Due Process Clause of the Fourteenth Amendment. . . Our law recognizes that parents have significant constitutionally protected rights to the companionship, care, custody and management of their children . . . This right to family integrity includes the most essential and basic aspect of familial privacy — the right of the family to remain together without the coercive interference of the, awesome power of the state." (Citations omitted; internal quotation marks omitted.) Lehrer v. Davis, 214 Conn. 232, 236-37 (1990). The rights that parents have to be free from governmental interference or intrusion are not, however, limitless. They must be balanced with the State's parens patriae responsibility to make determinations in the best interest of children whose welfare is properly at issue. cf. Prince v. Massachusetts, 321 U.S. 158,88 L.Ed. 645 (1944). "The state's countervailing interest in the welfare of a child justifies appropriately bounded state intervention." Lehrer v. Davis, 214 Conn. 232, 237 (1990). (cfPollard v. Pollard, Docket No. 532463, Superior Court, New London, Judicial District, (Teller, J.) In Lehrer, the Court, in helpful dicta, indicated that in an action in which a grandparent is seeking visitation with a grandchild over the objections of the child's married parents, some safeguards for the parents seeking to maintain family autonomy could include the placement of the burden of proof on the party seeking visitation in the context of a show cause hearing, the appointment of an attorney for the child, and pretrial conciliation sessions with the Family Support Services. CT Page 353 Id., p. 237, footnote 4. Thus, the constitutional efficacy of legislative enactments entitling third parties to seek visitation rights with children whose parents assert their family privacy is enhanced by safeguards which may minimize the extent of state intrusiveness.
Accordingly, in this case, before the court will conduct any hearing on the merits of the plaintiff's claims the court will require the parties to meet with a Family Relations counselor for purposes of mediation and may appoint counsel if mediation does not lead to agreement.
But for the defendant's Motion for a Stay, the court's consideration would end for the moment with a referral to the Family Relations Unit. In their Motion for Stay the defendants allege that the defendant Dale Savluck is currently pregnant and that her pregnancy is at risk due to medical factors made evident to the court through a medical deposition and medical records which the court has previously sealed upon the agreement of the parties. The court finds that subjecting the defendant Dale Savluck to the stress of this litigation would jeopardize her health. Weighed with this finding is the plaintiff's allegation that she has been deprived of visitation with her fourteen month-old grandchild since his birth. From this allegation the court concludes, without reference to the cause of the circumstance of no previous contact, that an order granting a stay of these proceedings will not interrupt any ongoing relationship between the plaintiff and the minor child. Additionally the child whose company the plaintiff seeks is entitled, as a matter of his own welfare, to the company and companionship of both his Parents. In this sense, to place his mother's health in danger is to imperil his own well-being.
Accordingly, the defendant's Motion for Stay is granted. These proceedings are stayed until a reasonable period following the birth of the child currently being carried by the defendant Dale Savluck or until further order of the court. Once the child is born either party may file a motion for referral to the Family Services Unit for mediation as well as a motion to appoint counsel for the minor child who is the subject of this action.
Bishop, J. CT Page 354